IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

MICHAEL HENRY HEARN                                                                                  PLAINTIFF

VERSUS                                                        CIVIL ACTION NO. 3:22-cv-470-CWR-FKB

MTC                                                                                                          DEFENDANT

**REPORT AND RECOMMENDATION**

Before the undersigned for report and recommendation is Plaintiff Michael Henry Hearn's Motion to Proceed *In Forma Pauperis* (IFP) [11].  Hearn is an inmate in the custody of the Mississippi Department of Corrections and is presently incarcerated at the East Mississippi Correctional Facility (EMCF) in Meridian, Mississippi.  The Prison Litigation Reform Act (PLRA) provides that a prisoner's privilege to proceed IFP should be denied if he has, on three prior occasions during detention, had an action or appeal dismissed as frivolous, malicious, or for failure to state a claim.  28 U.S.C. § 1915(g).  Section 1915(g) is commonly referred to "as the three-strikes rule."  *See Lomax v. Ortiz-Marquez*, 140 S. Ct. 1721, 1723 (2020) (citing *Jones v. Bock*, 549 U.S. 199, 203 (2007)).  Hearn has accumulated three-strikes.[1]  *See Hearn v. Epps*, No. 3:15-cv-57-CWR-LRA (S.D. Miss. Jan. 30, 2015) (Order, ECF No. 3 at 1–4) .

Hearn complains about his eye surgery and/or care for his cataracts and glaucoma. Compl. [1] at 4.  Because Hearn's allegations presented a credible allegation of "imminent

---

[1] Hearn has at least three strikes under the PLRA.  *See* 28 U.S.C. § 1915(g); *Hearn v. Leach, et al.*, No. 4:98cv133LN (S.D. Miss. Feb. 16, 1999) (dismissed as frivolous); *Hearn v. Merchant, et al.*, No. 4:99cv140LN (S.D. Miss. Dec. 17, 1999) (dismissed for failure to state a claim); *Hearn v. Johnson, et al.*, No. 4:00cv229BB (N.D. Miss. Jan. 18, 2001) (dismissed as frivolous). Additionally, Hearn has been barred by the United States Court of Appeals from filing any further pleadings with that Court until he pays the $30.00 sanction rendered in *Hearn v. Lucas*, 189 F.3d 468 (5th Cir. 1999) ("Michael Henry Hearn, Mississippi state prisoner #B34476, has failed to comply with the order of a judge of this court to pay a monetary sanction of $30 and to cease filing abusive pleadings with the court. . . . [Hearn] is BARRED from filing any further pleadings in this court until he has paid the monetary sanction of $30.").

danger," the undersigned conducted a hearing on February 7, 2023, to determine whether Hearn meets the "imminent danger" exception of 28 U.S.C. § 1915(g).  *See* Order [18] at 1–2; Minute Entry [21] at 1.  For the reasons described herein, the undersigned recommends that the Court (1) deny Hearn's IFP Motion [11], (2) dismiss this case without prejudice, and (3) direct the Clerk of Court to re-open this civil action if the full filing fee of $402.00 for this civil action is paid within 30 days from the dismissal of this case.

## Legal Standard

Title 28 U.S.C. § 1915(g) provides an exception to the three-strikes provision.  In order to meet the exception, Hearn must be in "imminent danger of serious physical injury."  The Fifth Circuit has held:

> [t]he plain language of the statute leads us to conclude that a prisoner with three strikes is entitled to proceed with his action or appeal only if he is in imminent danger at the time that he seeks to file his suit in district court or seeks to proceed with his appeal or files a motion to proceed IFP.

*Baños v. O'Guin*, 144 F.3d 883, 884 (5th Cir. 1998).  The plaintiff must establish the existence of an imminent danger at the time of filing his complaint.  *Newman v. Harris*, 770 F. App'x 216, 217 (5th Cir. 2019) (citing *Baños*, 144 F.3d at 884–85).  Further, the imminent danger exception of § 1915(g) requires that the threat must be "real and proximate."  *Floyd v. Lumpkin*, No. 6:22-cv-294, 2022 WL 1682939, at *5 (E.D. Tex. Aug. 9, 2022), *report and recommendation* (citing *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003), *adopted by*, No. 6:22cv294, 2022 WL 5212973 (E.D. Tex. Oct. 5, 2022).  "[T]he harm must be imminent or occurring at the time that the complaint or notice of appeal is filed, and the exception refers to 'a genuine emergency' where 'time is pressing.'" *Id*. (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003).

**Hearn's Claim of Imminent Danger of Serious Physical Injury**

Hearn alleges that he was denied medical care for the treatment of his eyes, specifically his cataracts and glaucoma. Compl. [1] at 4. During the hearing, Hearn stated that he did receive the surgery that replaced the lens in his eye, and he has been examined by two doctors, an ophthalmologist and the "main doctor" at EMCF, including a visit as recent as about a month ago, about the condition of his eyes. Hearn complains that he was given the "wrong packet" for his eye, and since the surgery his vision is not as clear, he is seeing dots, and experiencing eye pain. Even though Hearn is not pleased with the result of the surgery and treatment, Hearn admits that he has and continues to receive medical treatment for his eyes.

The undersigned finds that Hearn does not meet § 1915(g)'s "imminent danger" exception to the "three strikes" rule. *See Clay v. UTMBH CMC Estelle Unit Med. Emps.*, 752 F. App'x 195, 196 (5th Cir. 2019) (finding that disagreements with the medical care received were insufficient to show imminent danger); *Mundine v. Gustafson*, 669 F. App'x 247, 247–48 (5th Cir. 2016) (holding that imminent danger did not exist when plaintiff acknowledges that he received medical treatment); *Hicks v. TCDJ*, No. 3:18-MC-0014, 2018 WL 4953198, at *2 (S.D. Tex. Oct. 12, 2018) (finding that defendant continuing to provide medical care for plaintiff's hernia even though plaintiff disagrees with the treatment "is insufficient to show an imminent danger of serious physical injury").

Based on the record, including Hearn's own admissions and the "Post-Operative Instructions for Cataract Surgery" relating to his cataract surgery attached to his Complaint [1], *see* Attach. [1-3] at 1, the undersigned finds that Hearn has failed to show that he was in "imminent danger of serious physical injury." Accordingly, his IFP Motion should be denied.

**Conclusion**

For the reasons stated above, the undersigned recommends that the Court (1) deny Hearn's IFP Motion [11], (2) dismiss this case without prejudice, and (3) direct the Clerk of Court to re-open this civil action if the full filing fee of $402.00 for this civil action is paid within 30 days from the dismissal of this case.

Plaintiff is hereby notified that failure to file written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation within fourteen (14) days after being served with a copy[2] shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court. 28 U.S.C. § 636; Fed. R. Civ. P. 72(b); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996).

Respectfully submitted, this the 16th day of February, 2023.

*s/ F. Keith Ball*
UNITED STATES MAGISTRATE JUDGE

---

[2] Where a document is served by mail, the party is considered to have been served on the date the document is mailed by the Court. *See* Fed. R. Civ. P. 5(b)(2)(C).